M83GwahA

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          22 Cr. 392 (LAP)

5   ISHAN WAHI, NIKHIL WAHI,

6                                          Arraignment
                    Defendants.
7
    ------------------------------x
8
                                           New York, N.Y.
9                                          August 3, 2022
                                           1:00 p.m.
10

11  Before:

12                 HON. LORETTA A. PRESKA,

13                                         District Judge

14
                          APPEARANCES
15
    DAMIAN WILLIAMS
16       United States Attorney for the
         Southern District of New York
17  NOAH SOLOWIEJCZYK
    NICOLAS ROOS
18       Assistant United States Attorney

19  ANDREW T. ST. LAURENT
    DAVID I. MILLER
20  CHARLES BERK
         Attorneys for Defendant ISHAN WAHI
21
    PRIYA CHAUDRY
22  KRISTEN MOHR
         Attorneys for Defendant NIKHIL WAHI
23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.•••
                            (212) 805-0300

M83GwahA

1             (The Court and all parties present remotely)

2             THE COURT:  Good afternoon, counsel.  United States v.

3    Wahi.

4             Is the government ready?

5             MR. SOLOWEICZYK:  Yes.  Good afternoon, your Honor,

6    Noah Soloweijczyk on behalf of the government.  I'm joined by

7    AUSA Nicolas Roos.

8             THE COURT:  Thank you.

9             Counsel for Ishan Wahi.

10            MR. MILLER:  Good afternoon, your Honor.  David Miller

11   and Charlie Berk from Greenberg Traurig on behalf of Ishan

12   Wahi.

13            MR. ST. LAURENT:  Good afternoon.  Andrew St. Laurent

14   also on behalf of Ishan Wahi.

15            THE COURT:  Good afternoon, Mr. Ishan Wahi.  I see you

16   present on the screen.  Would you just unmute yourself and

17   acknowledge your presence, sir.

18            DEFEDANT ISHAN WAHI:  Yes, your Honor.

19            THE COURT:  Thank you.

20            Counsel for Nikhil Wahi.

21            MS. CHAUDRY:  Good afternoon, your Honor.  Priya

22   Chaudry and Kristen Mohr of Chaudry Law.  And Nikhil Wahi is on

23   the screen.  Mr. Wahi, if you could please identify yourself to

24   Judge Preska.

25            DEFENDANT NIKHIL WAHI:  Good afternoon, your Honor.

M83GwahA

1          THE COURT:  Good afternoon, sir.  Thank you.

2          Counsel, am I correct that we are proceeding today

3    under the CARES Act because of the COVID-19 pandemic?

4          MR. ST. LAURENT:  Yes, your Honor.

5          MS. CHAUDRY:  Yes.

6          MR. MILLER:  Yes, your Honor.

7          THE COURT:  Thank you.

8          Counsel, I have in front of me documents entitled

9    "Consent to proceed by video conference," signed by Ishan Wahi

10   and Nikhil Wahi.  Is that correct, counsel, that you have

11   submitted these documents?

12         MR. MILLER:  On behalf of Mr. Ishan Wahi, yes, your

13   Honor.

14         MS. CHAUDRY:  On behalf of Nikhil Wahi, yes, your

15   Honor.

16         THE COURT:  I find that these defendants have

17   knowingly and voluntarily waived their right to be present in

18   court.  Thank you.

19         Counsel, how do you want to proceed?

20         MR. SOLOWEICZYK:  Your Honor, I believe the defendants

21   need to both be presented because this is their first

22   appearance in the Southern District and then also arraigned on

23   the indictment.

24         THE COURT:  Wonderful.

25         Gentleman, I have before me an indictment that is

M83GwahA

1    22 Cr. 392.  Have you gentleman received a copy of the

2    document?

3              Mr. Ishan Wahi, have you received it?

4              DEFEDANT ISHAN WAHI:  Yes, your Honor.

5              THE COURT:  And Mr. Nikhil Wahi, have you received it?

6              DEFENDANT NIKHIL WAHI:  Yes, your Honor.

7              THE COURT:  And gentlemen, have you discussed the

8    document with your lawyers?

9              DEFENDANT ISHAN WAHI:  Yes.

10             DEFENDANT NIKHIL WAHI:  Yes, your Honor.

11             THE COURT:  Gentleman, would you like me to read the

12   document out loud now or is it sufficient that you have

13   discussed it with your lawyers?

14             MS. CHAUDRY:  Your Honor, on behalf of Nikhil Wahi, we

15   waive the public reading.

16             MR. MILLER:  Your Honor, on behalf of Ishan Wahi, we

17   also waive its public reading.

18             THE COURT:  Thank you.

19             Gentleman, how do you now plead?

20             MS. CHAUDRY:  Your Honor, on behalf of Nikhil Wahi, we

21   enter a not guilty plea.

22             MR. MILLER:  And on behalf of Ishan Wahi, he also

23   enters a not guilty plea, your Honor.

24             THE COURT:  Very well, gentleman.

25             Next, do you wish to discuss bail, counsel?

M83GwahA

1          MR. SOLOWEICZYK:  Yes, your Honor.  We have a bail

2    proposal for your Honor's consideration that's been jointly

3    agreed to by the parties.  And with your Honor's permission,

4    I'll start with Ishan Wahi.

5          THE COURT:  Yes, sir.

6          MR. SOLOWEICZYK:  So the proposed bail conditions

7    would consist of a $1 million personal recognizance bond to be

8    cosigned by two financially responsible persons.  We have

9    actually already interviewed the proposed cosigners and

10   approved them.  It would be secured by funds that are currently

11   in a brokerage account belonging to Mr. Wahi.  And his counsel

12   is currently in the process of obtaining custody of those funds

13   so that they can be turned over as part of the bond.  Our

14   understanding is the fund is probably somewhere in the

15   neighborhood of $150,000.  It's a brokerage account, so certain

16   positions need to be liquidated.

17          Travel would be restricted to the Southern District of

18   New York, the Western District of Washington and points in

19   between for travel.  The defendant will be subject to location

20   monitoring by GPS with curfew that would be set by pretrial

21   services, surrender of passports and no new travel

22   applications.  Our understanding is that the defendant's

23   passport is already in the possession of the pretrial services

24   office.

25          No communication with coconspirators, outside the

M83GwahA

1    presence of attorneys, except this provision would not apply to

2    contact with the defendant's brother, Nikhil Wahi.

3              Any transaction over $10,000 would need to be approved

4    by the government and pretrial services.  This limitation,

5    however, would not apply to transfers for the purposes of

6    attorneys' fees.

7              And finally, the defendant would be able to be

8    released today on his signature with seven days to meet all

9    remaining conditions.

10             THE COURT:  Very well.

11             Counsel, is that acceptable?

12             MR. ST. LAURENT:  Yes, your Honor.  That is

13   acceptable.  That is the package we have negotiated with the

14   government.

15             THE COURT:  Very well, then.  That package is

16   approved.

17             MR. SOLOWEICZYK:  Thank you, your Honor.

18             Turning to defendant Nikhil Wahi.  Again, it would be

19   a $1 million bond.  It would be secured by $75,000 in cash.

20   Our understanding is that defense counsel has actually already

21   provided those funds to the court so that they're actually

22   already with the court.  It would be cosigned by two

23   financially persons.  Again, we have already interviewed the

24   proposed cosigners and approved them.

25             Travel would be restricted to the Western District of

M83GwahA

1    Washington, Southern District of New York and points in between

2    for travel.  Location monitoring by GPS with curfew set by

3    pretrial services, surrender of passports and no new

4    applications.  Again, it's our understanding that passports

5    have already been turned in to pretrial.

6               No communications with coconspirators outside the

7    presence of attorneys, except this provision does not apply to

8    contact with the defendant's brother, Ishan Wahi.

9               Any transactions of over $10,000 would need to be

10   approved by the government and pretrial.  This limitation would

11   not apply to the payment of attorneys' fees.

12              And finally, again, he'd be released on his own

13   signature with seven days to meet all remaining conditions.

14              THE COURT:  Very good.

15              Counsel, is that acceptable?

16              MS. CHAUDRY:  Your Honor, it's acceptable.  And we

17   respectfully request that the Court approve it.

18              THE COURT:  The package is acceptable and it is

19   approved.

20              What else, counsel?

21              MR. MILLER:  Your Honor.

22              THE COURT:  Mr. Miller.

23              MR. MILLER:  Yes, your Honor.  And I'm not sure if now

24   is the appropriate point.  We would love the opportunity, your

25   Honor, to just briefly discuss where we think this is going

M83GwahA

1      from the defense's perspective and potential motions that we

2      think are appropriate here, would ultimately file.

3              THE COURT:  What is the status of discovery?  Are you

4      in a position to say anything about your motions or your

5      proposed motions, Mr. Miller?

6              MR. MILLER:  So we have not yet received discovery,

7      although we had a conversation with the government on Monday,

8      in terms of a timetable that we're likely to receive discovery,

9      I can tell you at this point, I'm happy to discuss at this

10     point -- or if Mr. Roos or if the government wants to discuss

11     the status of discovery -- where we think this is likely to go,

12     what motions we are potentially going to file and why.

13             THE COURT:  Let me hear what you propose.  And if you

14     can give me some sense of the time schedule, I'd appreciate it.

15             MR. MILLER:  Sure, your Honor.

16             So first, this case has several issues of first

17     impression, given the nature of the charges here and the

18     industry that's involved.  There's actually a pending case

19     before Judge Furman, the United States v. Nate Chastain that

20     was part of sort of the Southern District's recent charging of

21     insider trading in the crypto currency space.  And similar to

22     that case, there are motions to dismiss here that we believe

23     are novel and, like I said, involve significant legal issues.

24             Certainly, on the motion to dismiss side, we intend to

25     file a motion to dismiss that's not, at this point, based on

M83GwahA

discovery -- obviously, we'll need to review discovery, but some of these are pure legal issues, of course -- that number one, the government has charged insider trading here, in this case, under a Carpenter wire fraud theory, when in fact this is not insider trading, and there are no securities or commodities that are alleged to have been charged by the United States Attorneys' Office.  And insider trading is not pure nomenclature, it's contingent upon not only the breach of a duty but the purchase or sale of securities and commodities, of course.  So we intend to argue that the indictment should be dismissed, as this is not an insider trading case.

The second part of a motion to dismiss that we would be filing is based upon Cleveland and other property law that the information that's involved is not confidential information.  There was -- with respect to the indictment, as alleged, that the allegations are that there was confidential information that the defendant, and particularly, Mr. Ishan Wahi had misappropriated and tipped out, and that that information concerned the listing of tokens that were going to be listed on the Coinbase exchange.  The problem with those allegations is that the exchange -- all crypto exchanges, including Coinbase, do, they test the tokens on the blockchain before they list them.  This testing is widely known by purchasers of tokens on the blockchain and is discernable.  And indeed, Coinbase had operated not in a way that it protected

M83GwahA

1    that information absolutely.  So accordingly, it was not

2    confidential information as alleged in the indictment, and

3    therefore, not property.  And therefore, there's no wire fraud

4    charge.  So we intend to move on that basis as well.

5            I'll also just briefly note, your Honor, that while we

6    haven't yet received discovery, we believe there's a potential

7    suppression issue of significant import.  In that, in a very

8    atypical, unusual fashion, Mr. Wahi, who was stopped at the

9    airport, as noted in the indictment, had his electronic devices

10   seized from him, it is our understanding, based on a forthwith

11   grand jury subpoena, as opposed to a search and seizure

12   warrant.

13           And then there are additional motions, including

14   potential -- depending upon what the evidence shows and what

15   the discovery shows -- a bill of particulars motion, as well as

16   potential rule 17 subpoena motion.

17           So we anticipate fairly robust motion practice and

18   briefing in this case.  Obviously, we intend to litigate this

19   case as necessary.

20           THE COURT:  Does the government wish to comment or

21   not?

22           MR. SOLOWEICZYK:  I'm just going to comment very

23   briefly, your Honor.  Obviously, we are going to have an

24   opportunity to address all of these arguments in the event the

25   defense decides to file any motions.

M83GwahA

1            I would just note very briefly, this prosecution is

2     entirely consistent with Carpenter and its progeny as a wire

3     fraud prosecution.  As to the argument whether the information

4     was in fact nonpublic, the information was nonpublic.  Will

5     attest to the fact that Coinbase planned to list these assets

6     and the timing of those listings.  But I will also note, your

7     Honor, that we really do not believe that that is an argument

8     that will be susceptible to resolution at the motion to dismiss

9     stage.

10           I would just also note, with respect to any potential

11    suppression motions, tht all of the devices in this case were

12    lawfully obtained and they were searched pursuant to judicially

13    authorized search warrants.

14           THE COURT:  Would you like to set an additional

15    conference date now, counsel?  Do you want to set a motion

16    schedule?  What do you want to do?

17           MR. SOLOWEICZYK:  Your Honor, I believe the defense

18    has a proposed motion schedule, and we don't have any

19    objection.  I'll let Mr. Miller lay it out.

20           THE COURT:  Mr. Miller.

21           MR. MILLER:  Thank you, your Honor.

22           Based on my discussions with the government, it's our

23    understanding that we're likely to receive discovery in the

24    next couple of weeks and most of it by the end of this month,

25    in August.  And contingent upon that, and just based on our

M83GwahA

1      discussions with the government and among defense counsel, what

2      we would respectfully propose, your Honor, is that all motions

3      be due on January 9th of 2023; oppositions due on January 30th;

4      and reply briefs due February 13th, if that's acceptable to the

5      Court.

6              THE COURT:  Any objection from the government?

7              MR. SOLOWEICZYK:  No, your Honor.

8              THE COURT:  Very well, then.  Let's use that as our

9      motion schedules now.

10             Do you want to set any interim dates at all, or are we

11     just going to await the motions?

12             MR. SOLOWEICZYK:  Your Honor, I do think it would make

13     sense to set some kind of a conference date.  It could be after

14     the motions would be filed, but I think it probably would make

15     sense to have a date on the calendar.

16             THE COURT:  What date do you want?

17             MR. SOLOWEICZYK:  I think if the motions are going to

18     be fully briefed by February 13th, maybe it would make sense to

19     set a conference for the end of February or for March, if that

20     makes sent to the Court.

21             THE COURT:  Ms. Phillips, what kind of a date would

22     you like?

23             THE DEPUTY CLERK:  Bear with me.  Looking where we

24     have trial to get around.

25             How is March 22 at 10:00 a.m.?

M83GwahA

1        MR. SOLOWEICZYK:  That works for the government.

2        MR. MILLER:  Works for us, your Honor.

3        THE COURT:  All right, friends.

4        Time.

5        MR. MILLER:  Judge, before we do that, I don't think

6   there was a commitment from the government on when they intend

7   to produce discovery.  It was my understanding from our call

8   that they were looking to produce discovery by the end of the

9   month.  But it would be helpful, just based on the fact that we

10   now have a motion schedule, to have a commitment on discovery

11   production.

12        MR. SOLOWEICZYK:  Your Honor, we should be able to

13   produce all of the discovery that we have currently in our

14   possession within the next 30 days.

15        The one caveat I will just note for the Court is,

16   there are a number of devices that we obtained search warrants

17   for that the government is still in the process of gaining

18   access to because they are password protected.  So once we gain

19   access to those devices, there will be additional discovery to

20   turn over at that point.  But in terms of everything we

21   currently have, we will be turning it over within the next

22   30 days and expect to make the first production next week.

23        THE COURT:  Wonderful.

24        Time.

25        MR. SOLOWEICZYK:  Your Honor, we would move to exclude

M83GwahA

1    time under the Speedy Trial Act between today and the date of

2    the next conference, which is March 22nd of 2023.  Granting

3    such a continuance is in the interests of justice and outweighs

4    the interests of the defendants and the public in a speedy

5    trial because such a continuance, among other things, will

6    allow defense counsel to review discovery, to consider any

7    motions that they may want to make, and also allow the parties

8    to engage in discussions of potential pretrial disposition.

9              THE COURT:  Any objection?

10             MR. MILLER:  None from defendant Ishan Wahi.

11             MS. CHAUDRY:  None from defendant Nikhil Wahi, your

12   Honor.

13             THE COURT:  In order that those tasks can be

14   accomplished, time between today and March 22 is excluded from

15   calculation under the Speedy Trial Act in the interests of

16   justice.

17             Is there anything more this afternoon, folks?

18             MR. SOLOWEICZYK:  Not from the government.  Thank you,

19   your Honor.

20             MR. MILLER:  Nothing from defendant Ishan Wahi, your

21   Honor.  Thank you.

22             MS. CHAUDRY:  Nothing from defendant Nikhil Wahi.

23   Thank you, your Honor.

24             THE COURT:  Thank you, counsel.

25             Good afternoon.  Good afternoon, gentleman.  Thank

M83GwahA

1   you.

2           (Adjourned)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25