UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **22 Cr. 392 (LAP)** |
| Ishan Wahi, Nikhil Wahi, and Sameer Ramani, | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Federal Rule of Criminal Procedure 16, the Court hereby finds and orders as follows:

1. The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interest of individuals and entities; (ii) would risk prejudicial pretrial publicity if publicly disseminated; (iii) reflects materials prepared by the Government for the purpose of providing certain notices to the defendants; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. The entry of a protective order in this case will permit the Government to produce expeditiously disclosure material without further litigation or the need for substantial redactions,

and will afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access (not including the parties' expert witnesses, investigators, advisors, consultants, and/or vendors, who are permitted to have such access), and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material may be disclosed by counsel to:

    (a) The defendants;

    (b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, including expert witnesses, investigators, advisors, consultants and vendors retained or consulted by defendants and/or their counsel;

    (c) Prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for purposes of defending this action; and

    (d) Such other persons as hereafter may be authorized by the Court.

3. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, documents produced by Coinbase Global Inc. ("Coinbase"), and material produced pursuant to 18 U.S.C. § 3500 should initially be filed under seal (subject to the procedure described below), absent consent of the Government or Order of the Court. Before filing records produced by Coinbase or Coinbase production letters, the parties shall meet and confer regarding what, if any, of those documents should be filed under seal. If the parties cannot reach an agreement, the party seeking to file a document about which there is a dispute should initially file the document under seal, pending resolution of the dispute by the Court. In the event that the Government discloses additional materials that should initially be filed under seal, the Government shall indicate as such at the time the records are produced by designating the information as "protected information." All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

5. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various cell phones, iCloud storage, and email accounts. This ESI was seized from defendants Ishan Wahi and Nikhil Wahi, among others. Upon consent of counsel for the Government and defendants Ishan Wahi and Nikhil Wahi, the Government is authorized to disclose to counsel for defendants Ishan Wahi and Nikhil Wahi only, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). Defendants Ishan Wahi and Nikhil Wahi, defense counsel for Ishan Wahi and Nikhil Wahi, and personnel for whose conduct

counsel is responsible, i.e., personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

6. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## Retention of Jurisdiction

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____                    Date: 08/16/22
   Noah Solowiejczyk
   Nicolas Roos
   Assistant United States Attorneys


   /s/ David I. Miller
   _____                     Date: 08/16/22
   David Miller
   Andrew St. Laurent
   Counsel for Ishan Wahi


   _____                     Date: 8/16/2022
   Priya Chaudhry
   Kristen Mohr
   Counsel for Nikhil Wahi


SO ORDERED:

Dated: New York, New York
       August ___, 2022

                                                _____
                                                THE HONORABLE LORETTA A. PRESKA
                                                UNITED STATES DISTRICT JUDGE

5