M9CPWAHP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4          v.                22 CR 392 (LAP)-2
                                  Videoconference Plea
5   NIKHIL WAHI,

6               Defendant.

7   ------------------------------x

8                                New York, N.Y.
                                September 12, 2022
9                                12:27 p.m.

10

11  Before:

12                HON. LORETTA A. PRESKA,

13                                 District Judge

14             APPEARANCES VIA VIDEOCONFERENCE

15

16  DAMIAN WILLIAMS,
        United States Attorney for the
        Southern District of New York
17  BY:  NOAH SOLOWIEJCZYK
        Assistant United States Attorney
18

19  CHAUDHRY LAW PLLC
        Attorneys for Defendant
20  BY:  PRIYA CHAUDHRY

21

22

23

24

25

M9CPWAHP

1          (The Court and all parties appearing via

2     videoconference)

3          THE COURT:  United States against Nikhil Wahi.  Is the

4     government ready?

5          MR. SOLOWIEJCZYK:  Yes, your Honor, good afternoon.

6     Noah Solowiejczyk on behalf of the government.

7          THE COURT:  And is the defense ready?

8          MS. CHAUDHRY:  Yes, your Honor.  Priya Chaudhry, on

9     behalf of Mr. Nikhil Wahi, who is present and on the video

10    wearing a blue shirt and dark tie.

11          THE COURT:  Yes, ma'am, good afternoon.

12          And, counsel, are we agreed that we are proceeding by

13    video pursuant to the CARES Act because of the Covid-19

14    pandemic?

15          MS. CHAUDHRY:  Yes, your Honor.  I have reviewed with

16    Mr. Wahi and executed the consent to proceed by remote video

17    proceedings.  He understands that he has the right to have this

18    hearing conducted in person in the Southern District in your

19    courtroom and has elected to proceed via video instead.

20          THE COURT:  Wonderful.  I find that Mr. Wahi has

21    knowingly and voluntarily waived his right to be present in the

22    courtroom.

23          Ms. Chaudhry, am I correct that Mr. Wahi wishes to

24    change his plea?

25          MS. CHAUDHRY:  Yes, your Honor.  Pursuant to a plea

M9CPWAHP

1    agreement executed with the government, Mr. Wahi would like to

2    withdraw his plea of not guilty as to Count One only, and

3    instead today enter a plea of guilty as to that count.

4                THE COURT:  Yes, ma'am.  Thank you.

5                Mr. Wahi, would you unmute yourself and raise your

6    right hand.

7                (Defendant sworn)

8                Thank you.  And, sir, do you understand that you're

9    now under oath, and if you answer my questions falsely, your

10   answers may later be used against you in a prosecution for

11   perjury or the making of a false statement?

12               THE DEFENDANT:  Yes, I do.

13               THE COURT:  How old are you, sir?

14               THE DEFENDANT:  I'm 27 years old, your Honor.

15               THE COURT:  And where were you born?

16               THE DEFENDANT:  In New Delhi, India.

17               THE COURT:  And are you a citizen of the United

18   States?

19               THE DEFENDANT:  I am not.

20               THE COURT:  How far did you go in school, sir?

21               THE DEFENDANT:  I completed an undergraduate degree in

22   computer science and economics.

23               THE COURT:  And you read, write, speak and understand

24   English; is that correct?

25               THE DEFENDANT:  Yes, I do, your Honor.

M9CPWAHP

1          THE COURT:  Are you currently, or have you recently

2    been, under the care of a doctor or a psychiatrist?

3          THE DEFENDANT:  No, your Honor.

4          THE COURT:  Have you been hospitalized or treated

5    recently for alcoholism, narcotic addiction, or any other type

6    of drug abuse?

7          THE DEFENDANT:  No, your Honor.

8          THE COURT:  Have you ever been treated for any form of

9    mental illness?

10          THE DEFENDANT:  I have not.

11          THE COURT:  Are you currently under the influence of

12    any substance, such as alcohol, drugs, or any medication that

13    might affect your ability to understand what you're doing

14    today?

15          THE DEFENDANT:  I am not.

16          THE COURT:  And do you feel well enough to understand

17    what you're doing today?

18          THE DEFENDANT:  I do.  Yes, your Honor.

19          THE COURT:  So, sir, have you received a copy of the

20    indictment against you, 22 CR 392?

21          THE DEFENDANT:  I have.  Yes, your Honor.

22          THE COURT:  And have you gone over it with your

23    attorney?

24          THE DEFENDANT:  I have, your Honor.

25          THE COURT:  And has she explained to you the charges

M9CPWAHP

1    against you?

2         THE DEFENDANT:  Yes, she has.

3         THE COURT:  And have you told her everything you know

4    about the matters that are set out in the indictment?

5         THE DEFENDANT:  I have, your Honor.

6         THE COURT:  You haven't held anything back from her,

7    have you, sir?

8         THE DEFENDANT:  I have not, no.

9         THE COURT:  Thank you.

10        Counsel, do I correctly understand that there is an

11   agreement between the defendant and the government, which is

12   dated August 24, 2022, and which is signed by Ms. Chaudhry on

13   September 9 and by Mr. Wahi on August 26th; is that right?

14        MS. CHAUDHRY:  That is right, your Honor.

15        THE COURT:  May I ask the government to summarize,

16   please, the terms and conditions of the agreement?

17        MR. SOLOWIEJCZYK:  Yes, your Honor.  Under the

18   agreement, the defendant would be pleading guilty solely to

19   Count One of the indictment which charges conspiracy to commit

20   wire fraud, in violation of Title 18, United States Code,

21   Section 1349, which carries a maximum term of imprisonment of

22   20 years, a maximum term of supervised release of three years,

23   a maximum fine of the greatest of $250,000, twice the gross

24   pecuniary gain derived from the offense and twice the gross

25   pecuniary loss to a person other than the defendant as a result

M9CPWAHP

1    of the offense --

2          THE COURT:  Mr. Solowiejczyk, why don't we slow down a

3    little --

4          MR. SOLOWIEJCZYK:  Sorry.

5          THE COURT:  -- so that the court reporter's fingers

6    are not smoking.

7          MR. SOLOWIEJCZYK:  You're very right, your Honor.  My

8    apologies.

9          -- twice the gross pecuniary loss to a person other

10   than the defendant as a result of the offense, and a $100

11   mandatory special assessment.  The agreement contemplates a

12   forfeiture amount of $54,100, and earlier today, your Honor, we

13   submitted a consent preliminary order of forfeiture for the

14   Court's consideration.

15         If your Honor would like, I'm happy to go into the

16   guidelines range and that sort of thing.  I'm not sure how much

17   detail you'd like.

18         THE COURT:  That's good enough.

19         Mr. Wahi, are those the terms and conditions of the

20   agreement as you understand them?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  And, sir, do you understand that in this

23   agreement, you and the government have agreed to a stipulated

24   guidelines range of ten to 16 months' imprisonment?

25         THE DEFENDANT:  Yes, I do, your Honor.

M9CPWAHP

1          THE COURT:  And do you also recall, sir, that in this

2     agreement, you have agreed that you will not appeal or

3     otherwise litigate a sentence that is within or below that ten-

4     to 16-month range?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  And, sir, do you also recall that in this

7     agreement you have acknowledged that if you are not a citizen,

8     as you've told me you are not, your plea here might result in

9     your removal or otherwise adverse immigration consequences?

10          THE DEFENDANT:  I do understand, your Honor.

11          THE COURT:  Very well.  Now, Mr. Wahi, have you had

12     enough time to review the agreement, to go over it with

13     Ms. Chaudhry, and to have all of your questions answered?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  And, sir, I'm holding up the original of

16     the agreement and turning to the last page.  Is that your

17     signature there on the left-hand side, under the words "Agreed

18     and consented to"?

19          THE DEFENDANT:  I can't see the signature.

20          THE COURT:  I'm sorry.  Let me try it again.  Here we

21     go.  How's that?

22          THE DEFENDANT:  That's my signature, yes.

23          THE COURT:  Is that you?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Thank you.

M9CPWAHP

1          And, sir, am I correct that your willingness to offer

2    to plead guilty is, in part, a result of this agreement between

3    you and the government?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Counsel, are there any additional

6    agreements between the defendant and the government that are

7    not set forth in the written plea agreement?

8          MR. SOLOWIEJCZYK:  No, your Honor.

9          MS. CHAUDHRY:  No, your Honor.

10          THE COURT:  Very well, then.  The agreement is

11    acceptable to the Court.

12          Now, Mr. Wahi, have you been induced to offer to plead

13    guilty as a result of any fear, pressure, threat or force of

14    any kind?

15          THE DEFENDANT:  No, your Honor.

16          THE COURT:  Have you been induced to offer to plead

17    guilty as a result of any statements by anyone, other than in

18    your written plea agreement, to the effect that you would get

19    special treatment or special leniency, or some kind of special

20    consideration if you pleaded guilty rather than going to trial?

21          THE DEFENDANT:  No, your Honor.

22          THE COURT:  And, sir, do you understand that you have

23    the right to continue in your plea of not guilty and to proceed

24    to trial?

25          THE DEFENDANT:  I do understand that.

M9CPWAHP

1          THE COURT:  And do you understand, sir, that if you do

2     not plead guilty, you have a right to a speedy and public trial

3     by a jury of 12 persons?

4          THE DEFENDANT:  I understand, your Honor.

5          THE COURT:  And, sir, do you understand that you have

6     the right to be represented by an attorney at trial and at

7     every stage of the proceedings, including an appeal, and if you

8     cannot afford an attorney, one will be appointed to represent

9     you free of charge?

10          THE DEFENDANT:  I understand, your Honor.

11          THE COURT:  And, sir, do you understand that if your

12     plea of guilty is accepted, you give up these rights with

13     respect to this charge against you?

14          THE DEFENDANT:  I do, your Honor.

15          THE COURT:  Sir, do you understand that if your plea

16     of guilty is accepted, there will be no further trial of any

17     kind?

18          THE DEFENDANT:  I understand, your Honor.

19          THE COURT:  Do you understand that if you pleaded not

20     guilty and went to trial, that upon such a trial, you would be

21     presumed innocent unless and until the government proved your

22     guilt beyond a reasonable doubt to all 12 jurors?

23          THE DEFENDANT:  I understand, your Honor.

24          THE COURT:  Do you understand that at such a trial,

25     you would have the right to confront and cross-examine all of

M9CPWAHP

1    the witnesses called by the government against you?

2              THE DEFENDANT:  Yes, I do.

3              THE COURT:  And do you understand that upon such a

4    trial, you could remain silent and no inference could be drawn

5    against you by reason of your silence, or if you wanted to, you

6    could take the stand and testify in your own defense?

7              THE DEFENDANT:  Yes.  I do, your Honor.

8              THE COURT:  And, sir, do you understand that upon such

9    a trial, you would be able to subpoena witnesses and evidence

10   for your own defense?

11             THE DEFENDANT:  Yes.  I do, your Honor.

12             THE COURT:  And, sir, do you understand that if your

13   offer to plead guilty is accepted, you give up these rights

14   with respect to this charge against you, and the Court may

15   impose sentence just as though a jury had brought in a verdict

16   of guilt against you?

17             THE DEFENDANT:  Yes.  I do, your Honor.

18             THE COURT:  And, sir, do you understand that if you

19   wanted to, and if the government agreed, you could have a trial

20   before a judge without a jury; in which event, the burden of

21   proof would still be on the government, and you would still

22   have the same constitutional rights?

23             THE DEFENDANT:  Yes.  I do, your Honor.

24             THE COURT:  And, sir, do you understand that upon your

25   plea of guilty to Count One, the Court has the power to impose

M9CPWAHP

1  upon you a maximum period of imprisonment of 20 years, a

2  maximum period of supervised release of three years, a maximum

3  fine of the greatest of $250,000, twice the gross pecuniary

4  gain derived from the offense, or twice the gross pecuniary

5  loss resulting from the offense, together with a $100 mandatory

6  special assessment?

7              THE DEFENDANT:  Yes.  I do, your Honor.

8              THE COURT:  And do you also understand, sir, that upon

9  your plea of guilty to this charge, the Court has the power to

10 require you to make restitution?

11             THE DEFENDANT:  Yes.  I do, your Honor.

12             THE COURT:  And am I correct, sir, that you have, in

13 fact, signed this consent preliminary order of forfeiture/money

14 judgment on September 12th; is that right, sir?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  And is that your signature, sir?

17             THE DEFENDANT:  That is my signature, your Honor.

18             THE COURT:  Thank you.  Do you also understand, sir,

19 that if the terms and conditions of supervised release are

20 violated, you may be required to serve an additional period of

21 imprisonment which is equal to the period of supervised

22 release, with no credit for time already spent on supervised

23 release?

24             THE DEFENDANT:  Yes, your Honor.  I understand.

25             THE COURT:  Sir, have you discussed the sentencing

M9CPWAHP

1    guidelines with your attorney?

2              THE DEFENDANT:  I have, your Honor.

3              THE COURT:  And do you understand that the Court will

4    not be able to determine exactly what guideline applies to your

5    case until after a presentence report has been completed, and

6    you and your attorney and the government have a chance to

7    review it, and to challenge the facts that are presented there

8    by the probation officer?

9              THE DEFENDANT:  Yes, your Honor.  I understand.

10             THE COURT:  And, sir, do you understand that in

11   determining a sentence, it's the Court's obligation to

12   calculate the applicable sentencing guidelines range, and then

13   to consider that range, possible departures from that range

14   under the guidelines, and other sentencing factors set out in

15   the statute, 18, United States Code, section 3553(a)?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  And, sir, do you also understand that

18   under some circumstances, as set forth in your plea agreement,

19   either you or the government might have the right to appeal

20   whatever sentence is imposed?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  And, sir, do you understand that parole

23   has been abolished; so if you're sentenced to prison, you will

24   not be released on parole?

25             THE DEFENDANT:  Yes, your Honor.  I understand.

M9CPWAHP

1          THE COURT:  And, sir, do you understand that the

2     offense to which you are pleading guilty is a felony?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Are you fully satisfied with the advice,

5     counsel and representation given to you by your attorney,

6     Ms. Chaudhry?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  And am I correct that you are offering to

9     plead guilty because you are, in fact, guilty?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Sir, if you wish to plead guilty, I'm

12     going to ask you to tell me what you did.  As you can see, your

13     answers will be made where Ms. Chaudhry can hear you, and I

14     remind you that your answers are being recorded by the court

15     reporter.  Do you understand, sir?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  And do you still wish to plead guilty?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Tell me what you did, Mr. Wahi.

20          THE DEFENDANT:  So from July 2021 until May 2022, in

21     the Southern District of New York and elsewhere, I knowingly

22     conspired and agreed with others to trade in cryptocurrency

23     based on Coinbase's confidential information about the future

24     listing of those cryptocurrency coins on the Coinbase platform.

25          Specifically, I learned about which new cryptocurrency

M9CPWAHP

1    coins would be listed --

2              THE COURT:  I'm sorry, sir.  Sir, may I ask you to go

3    a little more slowly, and would you start at "specifically"

4    again, please, sir?

5              THE DEFENDANT:  Specifically, I learned about

6    information about which new cryptocurrency coins would be

7    listed on the Coinbase platform before Coinbase publicly

8    announced that information.  Based on that information, which I

9    knew I was not entitled to know and before Coinbase's public

10   announcement of that information, I made trading decisions and

11   bought cryptocurrency coins.

12             I used the internet to make those trades, and I used

13   cryptocurrency wire transfers to buy and sell the

14   cryptocurrency coins.

15             While I did not believe that cryptocurrency was a

16   security, I relied on statements of Coinbase and others that

17   cryptocurrency is not a security, I knew that it was wrong to

18   receive Coinbase confidential information and make trading

19   decisions based on that confidential information.

20             I'm very sorry for what I did, and I deeply apologize

21   to the Court for my actions.  I understand that this is a

22   mistake that's going to cost me in many ways.  I'm going to be

23   deported from this country when all of this is over.  I'm also

24   going to lose everything that I worked for over the last ten

25   years; so for my actions, I am really sorry.

M9CPWAHP

| | |
|---|---|
| 1 | This is a heavy price to pay in addition to whatever |
| 2 | sentence you impose, your Honor. |
| 3 | THE COURT:  Yes, sir.  Thank you. |
| 4 | Mr. Solowiejczyk, is there anything further by way of |
| 5 | allocution? |
| 6 | MR. SOLOWIEJCZYK:  No, your Honor.  But I did just -- |
| 7 | nothing in particular with respect to the allocution, which we |
| 8 | believe is sufficient.  I did just want to very briefly note |
| 9 | for the record because the defendant noted his belief that the |
| 10 | crypto-assets were not securities. |
| 11 | I wanted to note that the question of whether these |
| 12 | crypto-assets were securities is not an issue before this |
| 13 | Court.  It's not an element of the offense to which the |
| 14 | defendant is pleading guilty, and for that reason, the |
| 15 | government's decision to resolve this case with a wire fraud |
| 16 | plea should not be understood as an acceptance of the |
| 17 | defendant's claims regarding his understanding of the issue, |
| 18 | nor should it be understood as a statement about whether these |
| 19 | crypto-assets at issue were, in fact, securities, or that the |
| 20 | defendant needed to know that they were securities. |
| 21 | But the government merely wanted to note that for the |
| 22 | record in light of the defendant's statement, but otherwise, we |
| 23 | believe the allocution is more than legally sufficient. |
| 24 | Your Honor, I'll also view just very briefly make a |
| 25 | venue proffer, if your Honor will permit. |

M9CPWAHP

1          THE COURT:  Yes, sir.

2          MR. SOLOWIEJCZYK:  With respect to venue, obviously,

3    the government would have to prove it by a preponderance of the

4    evidence, and the government would establish venue in the

5    Southern District of New York, among other means, because one

6    of the defendant's co-conspirators communicated with Coinbase

7    employees and engaged in acts of deception with respect to

8    Coinbase employees to obtain this confidential business

9    information and those employees were in Manhattan.

10          In addition, certain of the relevant actions taken by

11   this defendant through various electronic accounts, included

12   log-ins that occurred through Manhattan-based servers.

13          THE COURT:  Yes, sir.  And while we're discussing

14   elements, would you please recite the elements that the

15   government would have to plead if Mr. Wahi went to trial?

16          MR. SOLOWIEJCZYK:  Yes, your Honor.  So the defendant

17   is pleading guilty to Count One of the indictment, which

18   charges conspiracy to commit wire fraud, in violation of Title

19   18, United States Code, Section 1349.

20          To prove that offense, the government would have to

21   establish the following elements beyond a reasonable doubt:

22          First, the government must prove the existence of the

23   charged conspiracy; and second, the government must prove that

24   the defendant knowingly and willfully became a member of and

25   joined in the conspiracy.

M9CPWAHP

1          The object of the conspiracy charged in Count One is

2     wire fraud, in violation of Title 18, United States Code,

3     Section 1343.  That offense has the following elements:

4          First, that there was a scheme or artifice to defraud

5     or to obtain money or property by materially false and

6     fraudulent pretenses, representations or promises.  And, your

7     Honor, I would just note, with respect to the meaning of the

8     term "property" and its applicable to this case, it bears

9     noting that the Supreme Court stated in *United States United*

10    *States v. Carpenter*, 484 U.S. 19, that "confidential business

11    information has long been recognized as property."

12         The second element is that the defendant knowingly

13    participated in the scheme or artifice to defraud, with

14    knowledge of its fraudulent nature, and with specific intent to

15    defraud.

16         And third, and finally, that in execution of the

17    scheme or artifice, the defendant used or caused the use of

18    interstate or international wires.

19         Thank you, your Honor.

20         THE COURT:  Yes, sir.

21         Mr. Wahi, do you understand that those are the

22    elements the government would have to prove if you went to

23    trial on Count One?

24         THE DEFENDANT:  Yes.  I do, your Honor.

25         THE COURT:  Thank you.

M9CPWAHP

1          Ms. Chaudhry, do you know of any valid legal defense

2    that would prevail if Mr. Wahi went to trial?

3          MS. CHAUDHRY:  I do not, your Honor.

4          THE COURT:  And do you know of any reason why he

5    should not plead guilty?

6          MS. CHAUDHRY:  I do not, your Honor.

7          THE COURT:  Very well.  Then, the plea is accepted.

8    It's the finding of the Court in the case of the *United States*

9    *against Nikhil Wahi*, that the defendant is fully competent and

10   capable of entering an informed plea; and that his plea of

11   guilty is knowing and voluntarily and is supported by an

12   independent basis in fact containing each and every essential

13   element of the offense.

14          My findings are based upon Mr. Wahi's allocution and,

15   in addition, on my observations of him by video today.  The

16   plea of not guilty is withdrawn and the plea of guilty to Count

17   One is accepted and shall be entered.  The defendant is now

18   adjudged to be guilty of the offense.

19          Now, Mr. Wahi, as you know, you'll be required to meet

20   with the probation officer and to give the officer certain

21   information to be included in the presentence report.  Your

22   attorney may be present with you when you meet with the

23   probation officer, if you want, but certainly both you and she

24   and the government will have the opportunity to read the

25   presentence report prior to sentencing.  Sentencing will be on?

M9CPWAHP

1            THE DEPUTY CLERK:  December 13th at noon.

2            THE COURT:  Is there anything further today, counsel?

3            MR. SOLOWIEJCZYK:  Nothing further from the

4     government.  Thank you, your Honor.

5            MS. CHAUDHRY:  Nothing further from defense.  Thank

6     you, your Honor.

7            THE COURT:  Thank you, counsel.

8            Ms. Reporter, do you need anything from any of us?

9            THE REPORTER:  No, your Honor.  Thank you.

10           THE COURT:  Thanks very much, Rose.

11           Thank you very much, ladies and gentlemen.  Good

12     afternoon.

13           (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25