M83GwahA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                         22 Cr. 392 (LAP)

ISHAN WAHI, NIKHIL WAHI,

                                 Arraignment
           Defendants.
------------------------------x

                                 New York, N.Y.
                                 August 3, 2022
                                 1:00 p.m.

Before:

                HON. LORETTA A. PRESKA,

                                 District Judge

                    APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
NOAH SOLOWIEJCZYK
NICOLAS ROOS
    Assistant United States Attorney

ANDREW T. ST. LAURENT
DAVID I. MILLER
CHARLES BERK
    Attorneys for Defendant ISHAN WAHI

PRIYA CHAUDRY
KRISTEN MOHR
    Attorneys for Defendant NIKHIL WAHI

1              (The Court and all parties present remotely)

2              THE COURT:  Good afternoon, counsel.  United States v.

3    Wahi.

4              Is the government ready?

5              MR. SOLOWEICZYK:  Yes.  Good afternoon, your Honor,

6    Noah Soloweijczyk on behalf of the government.  I'm joined by

7    AUSA Nicolas Roos.

8              THE COURT:  Thank you.

9              Counsel for Ishan Wahi.

10             MR. MILLER:  Good afternoon, your Honor.  David Miller

11   and Charlie Berk from Greenberg Traurig on behalf of Ishan

12   Wahi.

13             MR. ST. LAURENT:  Good afternoon.  Andrew St. Laurent

14   also on behalf of Ishan Wahi.

15             THE COURT:  Good afternoon, Mr. Ishan Wahi.  I see you

16   present on the screen.  Would you just unmute yourself and

17   acknowledge your presence, sir.

18             DEFEDANT ISHAN WAHI:  Yes, your Honor.

19             THE COURT:  Thank you.

20             Counsel for Nikhil Wahi.

21             MS. CHAUDRY:  Good afternoon, your Honor.  Priya

22   Chaudry and Kristen Mohr of Chaudry Law.  And Nikhil Wahi is on

23   the screen.  Mr. Wahi, if you could please identify yourself to

24   Judge Preska.

25             DEFENDANT NIKHIL WAHI:  Good afternoon, your Honor.

1           THE COURT:  Good afternoon, sir.  Thank you.

2           Counsel, am I correct that we are proceeding today

3   under the CARES Act because of the COVID-19 pandemic?

4           MR. ST. LAURENT:  Yes, your Honor.

5           MS. CHAUDRY:  Yes.

6           MR. MILLER:  Yes, your Honor.

7           THE COURT:  Thank you.

8           Counsel, I have in front of me documents entitled

9   "Consent to proceed by video conference," signed by Ishan Wahi

10  and Nikhil Wahi.  Is that correct, counsel, that you have

11  submitted these documents?

12          MR. MILLER:  On behalf of Mr. Ishan Wahi, yes, your

13  Honor.

14          MS. CHAUDRY:  On behalf of Nikhil Wahi, yes, your

15  Honor.

16          THE COURT:  I find that these defendants have

17  knowingly and voluntarily waived their right to be present in

18  court.  Thank you.

19          Counsel, how do you want to proceed?

20          MR. SOLOWEICZYK:  Your Honor, I believe the defendants

21  need to both be presented because this is their first

22  appearance in the Southern District and then also arraigned on

23  the indictment.

24          THE COURT:  Wonderful.

25          Gentleman, I have before me an indictment that is

M83GwahA

1  22 Cr. 392.  Have you gentleman received a copy of the
2  document?
3            Mr. Ishan Wahi, have you received it?
4            DEFEDANT ISHAN WAHI:  Yes, your Honor.
5            THE COURT:  And Mr. Nikhil Wahi, have you received it?
6            DEFENDANT NIKHIL WAHI:  Yes, your Honor.
7            THE COURT:  And gentlemen, have you discussed the
8  document with your lawyers?
9            DEFENDANT ISHAN WAHI:  Yes.
10           DEFENDANT NIKHIL WAHI:  Yes, your Honor.
11           THE COURT:  Gentleman, would you like me to read the
12  document out loud now or is it sufficient that you have
13  discussed it with your lawyers?
14           MS. CHAUDRY:  Your Honor, on behalf of Nikhil Wahi, we
15  waive the public reading.
16           MR. MILLER:  Your Honor, on behalf of Ishan Wahi, we
17  also waive its public reading.
18           THE COURT:  Thank you.
19           Gentleman, how do you now plead?
20           MS. CHAUDRY:  Your Honor, on behalf of Nikhil Wahi, we
21  enter a not guilty plea.
22           MR. MILLER:  And on behalf of Ishan Wahi, he also
23  enters a not guilty plea, your Honor.
24           THE COURT:  Very well, gentleman.
25           Next, do you wish to discuss bail, counsel?

MR. SOLOWEICZYK:  Yes, your Honor.  We have a bail proposal for your Honor's consideration that's been jointly agreed to by the parties.  And with your Honor's permission, I'll start with Ishan Wahi.

THE COURT:  Yes, sir.

MR. SOLOWEICZYK:  So the proposed bail conditions would consist of a $1 million personal recognizance bond to be cosigned by two financially responsible persons.  We have actually already interviewed the proposed cosigners and approved them.  It would be secured by funds that are currently in a brokerage account belonging to Mr. Wahi.  And his counsel is currently in the process of obtaining custody of those funds so that they can be turned over as part of the bond.  Our understanding is the fund is probably somewhere in the neighborhood of $150,000.  It's a brokerage account, so certain positions need to be liquidated.

Travel would be restricted to the Southern District of New York, the Western District of Washington and points in between for travel.  The defendant will be subject to location monitoring by GPS with curfew that would be set by pretrial services, surrender of passports and no new travel applications.  Our understanding is that the defendant's passport is already in the possession of the pretrial services office.

No communication with coconspirators, outside the

M83GwahA

presence of attorneys, except this provision would not apply to contact with the defendant's brother, Nikhil Wahi.

Any transaction over $10,000 would need to be approved by the government and pretrial services.  This limitation, however, would not apply to transfers for the purposes of attorneys' fees.

And finally, the defendant would be able to be released today on his signature with seven days to meet all remaining conditions.

THE COURT:  Very well.

Counsel, is that acceptable?

MR. ST. LAURENT:  Yes, your Honor.  That is acceptable.  That is the package we have negotiated with the government.

THE COURT:  Very well, then.  That package is approved.

MR. SOLOWEICZYK:  Thank you, your Honor.

Turning to defendant Nikhil Wahi.  Again, it would be a $1 million bond.  It would be secured by $75,000 in cash.  Our understanding is that defense counsel has actually already provided those funds to the court so that they're actually already with the court.  It would be cosigned by two financially persons.  Again, we have already interviewed the proposed cosigners and approved them.

Travel would be restricted to the Western District of

M83GwahA

1  Washington, Southern District of New York and points in between
2  for travel.  Location monitoring by GPS with curfew set by
3  pretrial services, surrender of passports and no new
4  applications.  Again, it's our understanding that passports
5  have already been turned in to pretrial.
6              No communications with coconspirators outside the
7  presence of attorneys, except this provision does not apply to
8  contact with the defendant's brother, Ishan Wahi.
9              Any transactions of over $10,000 would need to be
10 approved by the government and pretrial.  This limitation would
11 not apply to the payment of attorneys' fees.
12             And finally, again, he'd be released on his own
13 signature with seven days to meet all remaining conditions.
14             THE COURT:  Very good.
15             Counsel, is that acceptable?
16             MS. CHAUDRY:  Your Honor, it's acceptable.  And we
17 respectfully request that the Court approve it.
18             THE COURT:  The package is acceptable and it is
19 approved.
20             What else, counsel?
21             MR. MILLER:  Your Honor.
22             THE COURT:  Mr. Miller.
23             MR. MILLER:  Yes, your Honor.  And I'm not sure if now
24 is the appropriate point.  We would love the opportunity, your
25 Honor, to just briefly discuss where we think this is going

1    from the defense's perspective and potential motions that we

2    think are appropriate here, would ultimately file.

3              THE COURT:  What is the status of discovery?  Are you

4    in a position to say anything about your motions or your

5    proposed motions, Mr. Miller?

6              MR. MILLER:  So we have not yet received discovery,

7    although we had a conversation with the government on Monday,

8    in terms of a timetable that we're likely to receive discovery,

9    I can tell you at this point, I'm happy to discuss at this

10   point -- or if Mr. Roos or if the government wants to discuss

11   the status of discovery -- where we think this is likely to go,

12   what motions we are potentially going to file and why.

13             THE COURT:  Let me hear what you propose.  And if you

14   can give me some sense of the time schedule, I'd appreciate it.

15             MR. MILLER:  Sure, your Honor.

16             So first, this case has several issues of first

17   impression, given the nature of the charges here and the

18   industry that's involved.  There's actually a pending case

19   before Judge Furman, the United States v. Nate Chastain that

20   was part of sort of the Southern District's recent charging of

21   insider trading in the crypto currency space.  And similar to

22   that case, there are motions to dismiss here that we believe

23   are novel and, like I said, involve significant legal issues.

24             Certainly, on the motion to dismiss side, we intend to

25   file a motion to dismiss that's not, at this point, based on

1  discovery -- obviously, we'll need to review discovery, but
2  some of these are pure legal issues, of course -- that number
3  one, the government has charged insider trading here, in this
4  case, under a Carpenter wire fraud theory, when in fact this is
5  not insider trading, and there are no securities or commodities
6  that are alleged to have been charged by the United States
7  Attorneys' Office.  And insider trading is not pure
8  nomenclature, it's contingent upon not only the breach of a
9  duty but the purchase or sale of securities and commodities, of
10 course.  So we intend to argue that the indictment should be
11 dismissed, as this is not an insider trading case.
12        The second part of a motion to dismiss that we would
13 be filing is based upon Cleveland and other property law that
14 the information that's involved is not confidential
15 information.  There was -- with respect to the indictment, as
16 alleged, that the allegations are that there was confidential
17 information that the defendant, and particularly, Mr. Ishan
18 Wahi had misappropriated and tipped out, and that that
19 information concerned the listing of tokens that were going to
20 be listed on the Coinbase exchange.  The problem with those
21 allegations is that the exchange -- all crypto exchanges,
22 including Coinbase, do, they test the tokens on the blockchain
23 before they list them.  This testing is widely known by
24 purchasers of tokens on the blockchain and is discernable.  And
25 indeed, Coinbase had operated not in a way that it protected

that information absolutely.  So accordingly, it was not confidential information as alleged in the indictment, and therefore, not property.  And therefore, there's no wire fraud charge.  So we intend to move on that basis as well.

I'll also just briefly note, your Honor, that while we haven't yet received discovery, we believe there's a potential suppression issue of significant import.  In that, in a very atypical, unusual fashion, Mr. Wahi, who was stopped at the airport, as noted in the indictment, had his electronic devices seized from him, it is our understanding, based on a forthwith grand jury subpoena, as opposed to a search and seizure warrant.

And then there are additional motions, including potential -- depending upon what the evidence shows and what the discovery shows -- a bill of particulars motion, as well as potential rule 17 subpoena motion.

So we anticipate fairly robust motion practice and briefing in this case.  Obviously, we intend to litigate this case as necessary.

THE COURT:  Does the government wish to comment or not?

MR. SOLOWEICZYK:  I'm just going to comment very briefly, your Honor.  Obviously, we are going to have an opportunity to address all of these arguments in the event the defense decides to file any motions.

1          I would just note very briefly, this prosecution is

2  entirely consistent with Carpenter and its progeny as a wire

3  fraud prosecution.  As to the argument whether the information

4  was in fact nonpublic, the information was nonpublic.  Will

5  attest to the fact that Coinbase planned to list these assets

6  and the timing of those listings.  But I will also note, your

7  Honor, that we really do not believe that that is an argument

8  that will be susceptible to resolution at the motion to dismiss

9  stage.

10         I would just also note, with respect to any potential

11 suppression motions, tht all of the devices in this case were

12 lawfully obtained and they were searched pursuant to judicially

13 authorized search warrants.

14         THE COURT:  Would you like to set an additional

15 conference date now, counsel?  Do you want to set a motion

16 schedule?  What do you want to do?

17         MR. SOLOWEICZYK:  Your Honor, I believe the defense

18 has a proposed motion schedule, and we don't have any

19 objection.  I'll let Mr. Miller lay it out.

20         THE COURT:  Mr. Miller.

21         MR. MILLER:  Thank you, your Honor.

22         Based on my discussions with the government, it's our

23 understanding that we're likely to receive discovery in the

24 next couple of weeks and most of it by the end of this month,

25 in August.  And contingent upon that, and just based on our

M83GwahA

    discussions with the government and among defense counsel, what we would respectfully propose, your Honor, is that all motions be due on January 9th of 2023; oppositions due on January 30th; and reply briefs due February 13th, if that's acceptable to the Court.

    THE COURT:  Any objection from the government?

    MR. SOLOWEICZYK:  No, your Honor.

    THE COURT:  Very well, then.  Let's use that as our motion schedules now.

    Do you want to set any interim dates at all, or are we just going to await the motions?

    MR. SOLOWEICZYK:  Your Honor, I do think it would make sense to set some kind of a conference date.  It could be after the motions would be filed, but I think it probably would make sense to have a date on the calendar.

    THE COURT:  What date do you want?

    MR. SOLOWEICZYK:  I think if the motions are going to be fully briefed by February 13th, maybe it would make sense to set a conference for the end of February or for March, if that makes sent to the Court.

    THE COURT:  Ms. Phillips, what kind of a date would you like?

    THE DEPUTY CLERK:  Bear with me.  Looking where we have trial to get around.

    How is March 22 at 10:00 a.m.?

1  　　　　　MR. SOLOWEICZYK:  That works for the government.

2  　　　　　MR. MILLER:  Works for us, your Honor.

3  　　　　　THE COURT:  All right, friends.

4  　　　　　Time.

5  　　　　　MR. MILLER:  Judge, before we do that, I don't think
6  there was a commitment from the government on when they intend
7  to produce discovery.  It was my understanding from our call
8  that they were looking to produce discovery by the end of the
9  month.  But it would be helpful, just based on the fact that we
10 now have a motion schedule, to have a commitment on discovery
11 production.

12 　　　　　MR. SOLOWEICZYK:  Your Honor, we should be able to
13 produce all of the discovery that we have currently in our
14 possession within the next 30 days.

15 　　　　　The one caveat I will just note for the Court is,
16 there are a number of devices that we obtained search warrants
17 for that the government is still in the process of gaining
18 access to because they are password protected.  So once we gain
19 access to those devices, there will be additional discovery to
20 turn over at that point.  But in terms of everything we
21 currently have, we will be turning it over within the next
22 30 days and expect to make the first production next week.

23 　　　　　THE COURT:  Wonderful.

24 　　　　　Time.

25 　　　　　MR. SOLOWEICZYK:  Your Honor, we would move to exclude

M83GwahA

time under the Speedy Trial Act between today and the date of the next conference, which is March 22nd of 2023.  Granting such a continuance is in the interests of justice and outweighs the interests of the defendants and the public in a speedy trial because such a continuance, among other things, will allow defense counsel to review discovery, to consider any motions that they may want to make, and also allow the parties to engage in discussions of potential pretrial disposition.

THE COURT:  Any objection?

MR. MILLER:  None from defendant Ishan Wahi.

MS. CHAUDRY:  None from defendant Nikhil Wahi, your Honor.

THE COURT:  In order that those tasks can be accomplished, time between today and March 22 is excluded from calculation under the Speedy Trial Act in the interests of justice.

Is there anything more this afternoon, folks?

MR. SOLOWEICZYK:  Not from the government.  Thank you, your Honor.

MR. MILLER:  Nothing from defendant Ishan Wahi, your Honor.  Thank you.

MS. CHAUDRY:  Nothing from defendant Nikhil Wahi.  Thank you, your Honor.

THE COURT:  Thank you, counsel.

Good afternoon.  Good afternoon, gentleman.  Thank

M83GwahA

1  you.
2         (Adjourned)