UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

NIKHIL WAHI

        Defendant.

------------------------------X

ORDER OF
JUDICIAL REMOVAL

22 Cr. 392 (LAP)

Upon the application of the United States of America, by Noah Solowiejczyk, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of NIKHIL WAHI, and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1.    The defendant is not a citizen or national of the United States.

2.    The defendant is a native of India and a citizen of India.

3.    The defendant was last admitted into the United States on April 19, 2022, for a period not to exceed July 5, 2024.

4.    At the time of admission, the defendant possessed a valid H1B visa.

5.    At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, for: (1) Conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349.

6.    The total maximum sentence of incarceration for Count One is 20 years imprisonment, with a maximum term of supervised release of three years. The total restitution a

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

NIKHIL WAHI

Defendant.

------------------------------X

NOTICE OF INTENT TO
REQUEST JUDICIAL
REMOVAL

22 Cr. 392 (LAP)

NOTICE IS HEREBY GIVEN TO NIKHIL WAHI, and to his attorney of record, Priya Chaudhry, Esq. that upon conviction of the defendant for a violation of Title 18, United States Code, Section 1349, the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:  New York, New York
        January 9, 2023

                                    DAMIAN WILLIAMS
                                    United States Attorney
                                    Southern District of New York

                            By:     _____
                                    Noah Solowiejczyk
                                    Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

NIKHIL WAHI

Defendant.

------------------------------X

FACTUAL ALLEGATIONS IN
SUPPORT OF JUDICIAL
REMOVAL

22 Cr. 392 (LAP)

NOTICE IS HEREBY GIVEN TO NIKHIL WAHI, and to his attorney of record, Priya Chaudhry, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of India and a citizen of India.

3. The defendant was last admitted into the United States on April 19, 2022 for a period not to exceed July 5, 2024.

4. At the time of admission, the defendant possessed a valid H1B visa.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, for: (1) Conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349.

6. The total maximum sentence of incarceration for Count One is 20 years imprisonment, with a maximum term of supervised release of three years. The total restitution a is $54,100 in United States currency, which represents the proceeds traceable to the conviction.

7. The defendant is deportable and subject to removal pursuant to Section 237(a)(2)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(ii), as an alien convicted of a crime involving moral turpitude within five years after the date of admission for a crime which a sentence of one year or longer may be imposed; Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(iii), as an alien convicted of an aggravated felony at any time after admission;

WHEREFORE, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), the United States of America requests that the Court, at the time of sentencing, order that the defendant be removed from the United States to India, promptly upon his satisfaction of any sentence of imprisonment, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing.

Dated:  New York, New York
        January 9, 2023

                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York

                                By:     _____
                                        Noah Solowiejczyk
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL |
| - against - | |
| NIKHIL WAHI | 22 Cr. 392 (LAP) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NIKHIL WAHI, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is NIKHIL WAHI.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated January 9, 2023. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated January 9, 2023. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Priya Chaudhry, Esq. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing

provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding, and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5.   I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6.   I hereby concede that I am removable from the United States pursuant Section 237(a)(2)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(ii), as an alien convicted of a crime involving moral turpitude within five years after the date of admission for a crime which a sentence of one year or longer may be imposed; Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(iii), as an alien convicted of an aggravated felony at any time after admission;

7.   I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular

processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in and have no present fear of persecution in India, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in and have no present fear of torture in India, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit thorough the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United

States, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

01/10/2023
Date

*[signature]*
Defendant's Signature

10 January 2023
Date

*[signature]*
Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

      against -

NIKHIL WAHI

      Defendant.

------------------------------X

CONCURRENCE OF UNITED
STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT

22 Cr. 392 (LAP)

    Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated:    New York, New York
               JAN X 9 2023

_____
William P. Joyce
Acting Field Office Director
United States Immigration and
Customs Enforcement
Enforcement and Removal Operations

is $54,100 in United States currency, which represents the proceeds traceable to the conviction.

7. The defendant is deportable and subject to removal pursuant to Section 237(a)(2)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(ii), as an alien convicted of a crime involving moral turpitude within five years after the date of admission for a crime which a sentence of one year or longer may be imposed; Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(iii), as an alien convicted of an aggravated felony at any time after admission;

8. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

9. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

10. The defendant has designated India as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to India.

Dated: New York, New York
Jan. 10, 2023

_____
THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE