

147 WEST 25TH STREET, 12TH FLOOR
NEW YORK, NEW YORK 10001
CHAUDHRYLAW.COM

April 14, 2023

*Via* ECF

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *United States v. Nikhil Wahi*, 22-CR-392 (LAP)

Your Honor:

    We represent defendant Nikhil Wahi in the above-referenced matter. Your Honor sentenced Mr. Wahi on January 10, 2023. At that time, the Court postponed a determination regarding restitution, awaiting further information from the government.

    On April 5, 2023, the government requested the Court to order restitution of attorney's fees and other costs incurred by Coinbase Global, Inc. ("Coinbase") arising from Mr. Wahi's case's criminal investigation. Coinbase sought restitution for a total sum of $469,525.50. (Government Letter Re Proposed Restitution Order, ECF 86, at 1) ("Letter"). On April 6, 2023, the Court signed the government's proposed restitution order. (Order, ECF 87).

    The Court entered this Order without providing Mr. Wahi an opportunity to review Coinbase's billing records or make any potential objections. Furthermore, Mr. Wahi's Presentence Report contained no information regarding Coinbase's claimed losses. Therefore, we write to request that the Court: (1) hold the restitution order dated April 6, 2023, in abeyance for thirty days; (2) direct Coinbase to provide Mr. Wahi access to the attorney billing records and any other relevant materials for inspection; (3) grant Mr. Wahi access to the portions of the

Hon. Loretta A. Preska
April 14, 2023
Page 2 of 6

Presentence Report of Mr. Ishan Wahi, his co-defendant, which relate to Coinbase's alleged losses or, in the alternative, direct the Probation Department to file an amended Presentence Report for Mr. Wahi, including a complete accounting of the losses incurred by Coinbase; and (4) allow Mr. Wahi a period of thirty days, until May 13, 2023, to review the said records and make appropriate objections. The bases of Mr. Wahi's request follow.

> **1. The Court Should Hold the Restitution Order in Abeyance for Thirty Days As Mr. Wahi is Entitled to Inspect Coinbase's Billing Records Before the Entry of the Restitution Order**

Mr. Wahi is entitled to inspect the underlying documentation used in calculating the amount of restitution and a fair opportunity to contest that figure. Generally, "a sentencing court must assure itself that the information upon which it relies when fixing sentence is reliable and accurate." (*United States v. Prescott,* 920 F.2d 139, 143 (2d Cir.1990)). When a party objects to a sentencing fact, the court must make specific findings. (*See* United States v. Bradbury, 189 F.3d 200, 204 (2d Cir.1999) ("Because [the defendant] objected to the [] PSR's [] enhancement, the district court was required to make specific, clear, and reviewable findings....")).

A defendant is entitled to inspect verifiable information and documentation supporting the amount of claimed loss before a restitution order can be entered. Without such information, a defendant cannot effectively contest the claimed loss and must be afforded a fair opportunity to do so. (*See United States v. Popovic*, 8 Fed.Appx. 22 (2d Cir. 2001)).

A court resolves contested restitution issues by a preponderance of the evidence. (18 U.S.C. § 3664(e); *United States v. Niebuhr*, 456 Fed.App'x 36, 39 (2d Cir. 2012)). The prosecution bears the burden of establishing the existence and extent of the victim's losses. (18 U.S.C. § 3664(e); *United States v. Smathers*, 879 F.3d 453, 460 (2d Cir. 2018)). Defendant bears the burden on questions regarding his or her finances and the extent to which the defendant has already compensated the victim for the losses. (*Id.*). The court may conduct a hearing or task the probation officer to secure additional information and resolve disputes. (*United States v. Finazzo*, 850 F.3d 94, 119 fn. 26 (2d Cir. 2017)).

Thus, Mr. Wahi is entitled to inspect the underlying documentation used in calculating the amount of loss and a fair opportunity before the Court to contest

that figure. Mr. Wahi is also entitled to any documentation or information that can verify the losses allegedly suffered by Coinbase. Relevant documentation may include cashed checks, invoices, or other information that would allow Mr. Wahi to verify or contest the amount of claimed loss. (*See Popovic*, *supra*, 8 Fed.Appx. at 25-26).

In addition to the requirement that Mr. Wahi be allowed to inspect verifiable information and documentation supporting the claimed loss, it is important to note that the prosecution bears the burden of establishing the existence and extent of Coinbase's losses. This means it is not enough for Coinbase to simply provide a statement of the total sum claimed without supporting documentation. Mr. Wahi has the right to challenge the claimed losses and require the government to provide sufficient evidence to support their request for restitution. Without this opportunity, Mr. Wahi's due process rights would be violated. To satisfy the requirements of due process, a sentencing court must give a defendant "an effective opportunity to respond to the sentence about to be imposed ... and to review and comment upon the pre-sentence report." Alvarez v. Scully, No. 91 CIV. 6651, 1993 WL 15455, at *6 (S.D.N.Y. Jan.11, 1993) (citing United States v. Alexander, 860 F.2d 508, 512 (2d Cir.1988); United States v. Romano, 825 F.2d 725, 728 (2d Cir.1987)). The due process clauses of the federal constitution require that sentences not be imposed on the basis of material misinformation (Townsend v. Burke, 334 U.S. 736 (1948)) and that facts relied on by the sentencing court have "some minimal indicium of reliability." (United States v. Silverman, 976 F.2d 1502, 1506 (6th Cir.1992)).

> **2. Mr. Wahi is Entitled to Inspect the Portions of the Presentence Report of Mr. Ishan Wahi, His Co-defendant, Which Relate to Coinbase's Alleged Losses or, Alternatively, the Court Should Direct the Probation Department to file an Amended Presentence Report for Mr. Wahi, Which Includes a Complete Accounting of the losses Incurred by Coinbase**

Mr. Nikhil Wahi's Presentence Report notes that "Specific victim and restitution information has been requested from the Government and is awaited." (Presentence Report, ECF 58, at 24). No amended report setting forth any victim or restitution information has been filed by the probation officer, as mandated by 18 U.S.C. §§ 3664(a).

Hon. Loretta A. Preska
April 14, 2023
Page 4 of 6

Mr. Ishan Wahi pleaded guilty on February 7, 2023, to two counts of wire fraud conspiracy and is scheduled to be sentenced on May 9, 2023.  To the extent Coinbase's alleged losses have been addressed in Mr. Ishan Wahi's Presentence Report, this information has a direct bearing on Mr. Wahi, and thus he is entitled to inspect it.  As noted in the government's letter, the Court's decision on any restitution obligation will have implications for both defendants, as they are jointly and severally liable under the restitution order.

Given the case's interconnected nature and both defendants' joint and several liability, defendant requests access to the portions of Mr. Ishan Wahi's Presentence Report which relate to Coinbase's alleged losses.  This information is critical to Mr. Wahi's ability to assess and potentially challenge the alleged loss amount.  Alternatively, we request that the Court direct the Probation Department to file an amended Presentence Report for Mr. Wahi, including a complete accounting of the losses incurred by Coinbase, as mandated by 18 U.S.C. §§ 3664(a).

18 U.S.C. § 3664(a) states that:

> For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant.  If the number or identity of victims cannot be reasonably ascertained, or other circumstances exist that make this requirement clearly impracticable, the probation officer shall so inform the court.

18 U.S.C. § 3664(b) states that:

> The court shall disclose to both the defendant and the attorney for the Government all portions of the presentence or other report pertaining to the matters described in subsection (a) of this section.

As per 18 U.S.C. § 3664(a), Mr. Ishan Wahi's Presentence Report should include information sufficient for the Court to exercise its discretion in fashioning

a restitution order, such as a complete accounting of the losses to Coinbase and information relating to its economic circumstances.

Access to Mr. Ishan Wahi's Presentence Report is critical because the Court's restitution order will have implications for both defendants, as they are jointly and severally liable. This means that Mr. Nikhil Wahi may end up paying for losses caused by Mr. Ishan Wahi and vice versa. Therefore, a complete accounting of the losses to Coinbase and information relating to its economic circumstances in Mr. Ishan Wahi's Presentence Report will be crucial to ensure that Mr. Nikhil Wahi's rights are protected and that he is not unfairly burdened. By providing access to Mr. Ishan Wahi's Presentence Report, or directing the Probation Department to file an amended Presentence Report for Mr. Wahi, the Court can ensure that a fair and accurate restitution order is entered.

### 3. This Court Has Authority to Finalize the Restitution Amount Beyond the 90-Day Window in 18 U.S.C. § 3664(d)(5)

We respectfully ask the Court to grant us thirty days, until May 14, 2023, to inspect the Coinbase billing records, Mr. Ishan Wahi's Presentence Report, and other relevant documents and information, and to make appropriate objections. This will enable us to review the materials file any necessary objections.

As noted by the government in its letter seeking restitution, the Court is permitted to finalize the restitution amount beyond the 90-day window in 18 U.S.C. § 3664(d)(5). (Letter at 3). (*See United States v. Dalicandro*, 711 Fed.Appx. 38, 31 (2d Cir. 2017) (summary order) (citing *Dolan v. United States*, 560 U.S. 605, 611 (2010)).

### 4. The Government Does Not Object to Mr. Wahi Receiving Coinbase's Records

Through the government's letter to this Court seeking restitution, Coinbase requested to submit its attorney billing records supporting its restitution calculation under seal, if the Court deemed it necessary. The government did not object to Coinbase's request to submit the records under seal and for a copy to be provided to Mr. Wahi. (Letter at 3).

Hon. Loretta A. Preska
April 14, 2023
Page 6 of 6

**Conclusion**

Therefore, to ensure a fair and comprehensive assessment of the restitution matters in this case, we respectfully request that the Court: (1) hold the restitution order dated April 6, 2023, in abeyance for thirty days; (2) direct Coinbase to provide Mr. Wahi access to the attorney billing records and any other relevant materials for inspection; (3) grant Mr. Wahi access to the portions of the Presentence Report of Mr. Ishan Wahi, his co-defendant, which relate to Coinbase's alleged losses or, in the alternative, direct the Probation Department to file an amended Presentence Report for Mr. Wahi, including a complete accounting of the losses incurred by Coinbase; and (4) allow Mr. Wahi a period of thirty days, until May 14, 2023, to review the said records and make appropriate objections.

We appreciate Your consideration of this request.

Very truly yours,

Priya Chaudhry

SO ORDERED:

_____
Honorable Loretta A. Preska
United States District Judge

cc:   AUSA Noah Solowiejczyk (*via* ECF)
      AUSA Nicolas Roos (*via* ECF)