

147 West 25th Street, 12th Floor
New York, New York 10001
chaudhrylaw.com

July 7, 2023

<u>*Via* ECF</u>

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: **United States v. Nikhil Wahi, 22-CR-392 (LAP)**

Your Honor:

  We represent defendant Nikhil Wahi in the above-referenced matter.

  On June 29, 2023, Coinbase Global, Inc. ("Coinbase") requested the Court grant its restitution request as filed by the government on April 5, 2023. (ECF No. 109). Before we respond on the merits, we are writing to inform the Court that the mandatory requirements of 18 U.S.C. § 3664(a) and Fed. R. Crim. P. 32(c)(1)(B) have not been fulfilled in this case. Surprisingly, Coinbase failed to discuss this critical issue in any of its filings. Therefore, we request that the Court direct the Probation Department to conduct an investigation and file an amended Presentence Report ("PSR") for Mr. Wahi, or a separate report, including a complete accounting of the losses incurred by Coinbase and information relating to Mr. Wahi's economic circumstances (including an updated statement of his current financial condition). The bases for requesting fulfillment of this mandatory requirement are as follows.

1.  **To Fulfill the Mandatory Requirements of 18 U.S.C. § 3664(a), the Court Must Direct the Probation Department to Conduct an Investigation and File an Amended Presentence Report, or a Separate Report, for Mr. Wahi**

    A court ordering restitution must direct the probation officer to obtain and include in its presentence report, to the extent practicable, a complete accounting of victims and losses, and the Government must consult, to the maximum extent practicable, with all victims and provide the probation officer with a listing of the amounts subject to restitution.

*United States v. Sharma*, No. 18-CR-340-LGS, 2021 WL 861353, at *2 (S.D.N.Y. Mar. 8, 2021) (citing 18 U.S.C. §§ 3664(a), 3664(d)(1)). Furthermore, Rule 32(c)(1)(B) of the Federal Rules of Criminal Procedure mandates that "[i]f the law permits restitution, the probation officer *must* conduct an investigation and submit a report that contains sufficient information for the court to order restitution." Fed. R. Crim. P. 32(c)(1)(B) (emphasis added).

Mr. Wahi's PSR noted that "[s]pecific victim and restitution information has been requested from the Government and is awaited." (ECF No. 58 at 24). However, no report setting forth any victim or restitution information has been filed by the probation officer, as mandated by 18 U.S.C. § 3664(a) and Fed. R. Crim. P. 32(c)(1)(B).

Under 18 U.S.C. § 3664(a),

> [f]or orders of restitution under this title, the court *shall* order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report *shall* include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant. If the number or identity of victims cannot be reasonably ascertained, or other circumstances exist that make this

>requirement clearly impracticable, the probation officer shall so inform the court.

18 U.S.C. § 3664(a) (emphasis added). Further, as per 18 U.S.C. § 3664(b), "[t]he court shall disclose to both the defendant and the attorney for the Government all portions of the presentence or other report pertaining to the matters described in subsection (a) of this section."

Therefore, we request that the Court direct the Probation Department to conduct an investigation and file an amended PSR, or a separate report, for Mr. Wahi, including a complete accounting of the losses incurred by Coinbase and information relating to the economic circumstances of Mr. Wahi, as mandated by 18 U.S.C. § 3664(a) and Fed. R. Crim. P. 32(c)(1)(B). In this connection, we also request that the amended PSR include an updated financial condition statement for Mr. Wahi because his financial condition has changed materially since his sentencing. Specifically, he has been incarcerated (and has had no income) since February 2023, has paid substantial sums in forfeiture, has paid legal fees towards this case and his SEC case, and will be making a payment towards his 2022 taxes soon. The updated PSR should accurately reflect the details of these financial events so that the Court can accurately consider Mr. Wahi's financial condition in making its restitution finding.

## 2. The Court Cannot Issue an Appropriate Order of Restitution Without First Fulfilling the Mandatory Requirements of 18 U.S.C. § 3664(a)

"Although the district court need not set forth detailed findings, [the Second Circuit] will vacate a restitution order if the record does not reflect that the court considered [the] mandatory factors." *United States v. Thompson*, 113 F.3d 13, 15 (2d Cir. 1997). Further, the Second Circuit will be "'satisfied that the appropriate factors have been considered when such factors are detailed in the presentence report that the district court has adopted . . . .'" *Id.* (quoting *United States v. Coleman*, 9 F.3d 1480, 1486 (10th Cir. 1993)).

The fact that Mr. Wahi's PSR is entirely devoid of any discussion of the 18 U.S.C. § 3664(a) factors means that this Court will not be able to issue an appropriate order of restitution without the benefit of the Probation Department's findings based on "a complete accounting of the losses [incurred by Coinbase]" and, more crucially, without "information relating to [Mr. Wahi's] economic

circumstances." 18 U.S.C. § 3664(a). Indeed, without this information, this Court will not be able to discharge the obligation imposed on it by 18 U.S.C. § 3664(f)(2) to consider specified aspects of Mr. Wahi's financial circumstances while fashioning a payment schedule.

While the above cases were decided under the now-defunct restitution statute, one part of the restitution requirements of these decisions remains: sentencing courts must still consider a defendant's financial circumstances in issuing a restitution order.

Specifically, after the Mandatory Victims Restitution Act ("MVRA") eliminated most of the discretion courts previously exercised in issuing restitution orders, the Second Circuit considered "the question [of] what a sentencing court must do or say in imposing a sentence of restitution in order to discharge the obligation imposed on the court by 18 U.S.C. § 3664(f)(2) to consider specified aspects of [a] defendant['s] financial circumstances." *United States v. Walker*, 353 F.3d 130, 131 (2d Cir. 2003). The court concluded that "in considering restitution sentences imposed under MVRA, [it would] not vacate and remand, as [it] did under the prior statute, solely by reason of the sentencing judge's failure to *indicate* consideration of the mandatory factors." *Id.* at 134 (emphasis added). The court, however, clarified that its

> opinion should not be understood to suggest that sentencing judges are not obligated to consider the mandatory factors in setting payment schedules for restitution orders. Of course they must do so. The only question we address is whether the sentencing judges must state on the record that they have considered the factors on pain of remand.

*Id.*

Thus, as clarified by *Walker*, while sentencing judges are no longer required to explicitly state on the record that they have considered the mandatory factors, they are still obligated to consider these factors. Here, Mr. Wahi's argument centers around the fact that his PSR lacks any discussion of the 18 U.S.C. § 3664(a) factors, making it impossible for this Court to properly consider the mandatory factors in 18 U.S.C. § 3664(f)(2) without first directing the Probation Department to fulfill the requirements set forth in 18 U.S.C. § 3664(a). By

directing the Probation Department to file an amended PSR, or a separate report, for Mr. Wahi, the Court can ensure that a fair and accurate restitution order is entered.

**Conclusion**

18 U.S.C. § 3664(a) requires a district court to look to the presentence report, or a separate report, authored by a probation officer to gather sufficient information to construct a restitution order. Therefore, to ensure a fair and comprehensive assessment of the restitution matters in this case and to fulfill the mandatory requirements of 18 U.S.C. § 3664(a) and Fed. R. Crim. P. 32(c)(1)(B), we respectfully request that the Court direct the Probation Department to conduct an investigation and file an amended Presentence Report, or a separate report, for Mr. Wahi, including a complete accounting of the losses incurred by Coinbase and information relating to Mr. Wahi's economic circumstances (including an updated statement of his current financial condition).

We appreciate the Court's consideration of this request.

Respectfully submitted,

Priya Chaudhry

SO ORDERED.

_____
HON. LORETTA A. PRESKA, U.S.D.J.

Cc:   AUSA Noah Solowiejczyk
      AUSA Nicolas Roos