

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

July 20, 2023

**BY ECF**

The Honorable Loretta A. Preska
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Nikhil Wahi,* 22 Cr. 392 (LAP)

Dear Judge Preska:

    The Government submits this letter pursuant to the Court's order of July 10, 2023, directing the Government to respond to defendant Nikhil Wahi's letter of July 7, 2023. *See* Dkt. No. 111. The defendant's request for an order directing an amended or supplemental presentence investigation report should be denied.

    In his July 7, 2023 letter, the defendant takes the position that restitution cannot be ordered until the Probation Office conducts an investigation and files an amended presentence investigation report, or a separate report, including a complete accounting of the losses incurred by Coinbase and information relating to Mr. Wahi's economic circumstances (such as an updated statement of his current financial condition).  *See* Dkt. No. 111 at 1. The defendant asserts that such a supplemental report from the Probation Office is required before the Court can impose restitution pursuant to 18 U.S.C. § 3664(a) and Fed. R. Crim. P. 32(c)(1)(B).  Neither statute nor Rule imposes the obligation advanced by the defendant, and no amended presentence investigation report or supplemental report from the Probation Office is required before the Court may set the amount of restitution because the Court has before it "information sufficient . . . to exercise its discretion in fashioning a restitution order." 18 U.S.C. § 3664(a).

    The defendant relies principally on 18 U.S.C. § 3664(a), which provides:

> For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, *information sufficient for the court to exercise its discretion in fashioning a restitution order*. The report shall include, *to the extent practicable*, a complete accounting of the losses to each victim. . . and information relating to the economic circumstances of each defendant. If the number or identity of victims cannot be reasonably ascertained, *or other*

> *circumstances exist that make this requirement clearly impracticable*, the probation officer shall so inform the court.

(emphasis added). The plain language of Section 3664(a) makes clear that the Court is not required to direct probation to conduct any further investigation. First, Section 3664(a) requires only that the presentence report, or a separate report, include information sufficient for the court to exercise its discretion in fashioning a restitution and, of course, the Court is free in exercising its discretion also to consider any reliable evidence. *See United States v. Schwamborn*, 542 F. App'x 87, 88 (2d Cir. 2013) (noting, in context of restitution, that courts may rely on evidence beyond what would be admissible under the Rules of Evidence and that "'[i]n many circumstances, the written statements of counsel or affidavits of witnesses are themselves sufficient to resolve the dispute'" (quoting *United States v. Ibanez*, 924 F.2d 427, 430 (2d Cir. 1991))).[1]

Second, Section 3664(a) states explicitly that the report need only include a complete accounting of losses and information relating to the economic circumstances of each defendant "to the extent practicable." Here, the Probation Office did not yet have an accounting of Coinbase's losses at the time it prepared the final presentence investigation report, and thus it noted in the final PSR, that restitution was mandatory under 18 U.S.C. § 3663A and that "specific victim and restitution information has been requested from the Government and is awaited." (PSR ¶ 100). In its recommendation, the Probation Office noted that the defendant was required to pay "joint and several restitution as yet to be determined." (PSR at page 31). The report also contained detailed financial information regarding the defendant. In short, where, as here, the Court has sufficient information to fashion a restitution order, nothing more is required. *See United States v. Milstein*, 481 F.3d 132, 137 (2d Cir. 2007) (A district court has "broad discretion to determine restitution" and must make a "reasonable estimate" of the actual loss "based on the evidence before it.").

The defendant also cites largely obsolete law in support of the claim that, because the Court must consider the financial resources, other assets, projected earnings and income, and financial obligations of the defendant in fashioning a payment schedule, *see* 18 U.S.C. § 3664(f)(2), the Court cannot order restitution without first ordering the Probation Office to determine "a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant," *id.* § 3664(a). But this argument is a non-sequitur. So long as the Court can take into consideration the factors specified in Section 3664(f)(2), there is no requirement that the Court direct the Probation Office to do anything more than provide "information sufficient for the court to exercise its discretion in fashioning a restitution order," *id.* § 3664(a). This is particularly so given that "[t]he burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant." *Id.* § 3664(e). And here, as the Probation Office points out, the "final presentence report included a full detailing of the defendant's finances, according to a financial statement which he furnished in connection with the presentence investigation." (Probation Office Memo to Court (July 14, 2023)).

---

[1] The defendant also relies on Federal Rule of Criminal Procedure 32, but that Rule says nothing different, simply reiterating that "the probation officer must conduct an investigation and submit a report that contains *sufficient information for the court to order restitution*." Fed. R. Crim. P. 32(c)(1)(B) (emphasis added).

In sum, there is no statutory or other basis to require the Probation Office to take further steps prior to imposing mandatory restitution.

>Respectfully submitted,
>
>DAMIAN WILLIAMS
>United States Attorney
>
>by: ____/s/_____
>Noah Solowiejczyk
>Nicolas Roos
>Assistant United States Attorneys
>(212) 637-2473/2421

cc:   All defense counsel (by ECF)