```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :          22-cr-392 (LAP)
        -v.-                         :
                                     :            ORDER
NIKHIL WAHI,                         :
                                     :
               Defendant.            :
-------------------------------------x
```

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are a number of letters from counsel for the parties and counsel for Coinbase with respect to Mr. Nikhil Wahi's restitution obligations. (Dkt. nos. 86, 88, 109, 111, 113, 114.) The Court has also received in camera and reviewed billing records from Latham & Watkins to Coinbase relating to services rendered as a result of the Government's investigation of Mr. Wahi. [Also include L&W attorney affirmation.]

With respect to the billing records, the Court has reviewed them and finds them to reflect services rendered in connection with the Government's investigation of Mr. Wahi and finds them to be reasonable both as to billing rate and time spent.

With respect to Mr. Wahi's request that the Probation Office prepare a supplemental Presentence Investigation Report, the request is denied. Based on all of the documents on the record, the Court finds that it has "information sufficient ... to exercise its discretion in fashioning a restitution order." 18 U.S.C. § 3664(a).

Counsel for Mr. Wahi asserts that "his financial condition has changed materially since his sentencing." (Dkt. no. 111 at 3.)  Accordingly, to the extent that Mr. Wahi wishes to update his financial condition, he may do so no later than September 27.

Finally, in light of the extended negotiations between counsel, correspondence with the Court, and review of Coinbase's attorneys' billing records, the Court finds that it has required additional time, beyond the normal 90 days, to finalize the restitution amount and will do so promptly upon Mr. Wahi's submission regarding his financial situation and any response by the Government.  See United States v. Dalicandro, 711 Fed.Appx. 38, 31 (2d Cir. 2017 (summary order) ("[U]nder Dolan and our own precedent, . . . a sentencing court maintains its authority to impose restitution outside of the 90-day window in § 3664(d)(5). The MVRA restitution order in Dolan was issued three months after the 90-day deadline had expired. The Supreme Court held that a sentencing court that misses the 90-day deadline nonetheless retains the power to order restitution, at least if (as here) the sentencing court made clear prior to the deadline's expiration that restitution would be ordered, leaving open (for more than 90 days) only the amount") (citing Dolan v. United States, 560 U.S. 605, 611 (2010); United States v. Gushlak, 728 F.3d 184 (2d Cir. 2013)).

2

SO ORDERED.

Dated:     New York, New York
           September 14, 2023

_____
LORETTA A. PRESKA
Senior United States District Judge